UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:92-CR-114-BR-3

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEROY ANGLOSON STUART,<br>Defendant | ORDER |

This matter is before the court on defendant's "corrected motion to vacate Count II," (DE # 67), and defendant's letter filed 26 April 2016, which the court construes as a motion to amend the record, (DE # 70). The government filed a response to the former motion, (DE # 69), to which defendant filed a reply, (DE # 71).

By way of relevant background, in 1993, a jury found defendant guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count I); armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 2113(a), (d) (Count II); and possession of a firearm during a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 924(c) (Count III). The court sentenced defendant to 60 months imprisonment on Count I and 262 months imprisonment on Count II, to run concurrently with Count I. Because defendant had a prior § 924(c) conviction, the court sentenced defendant to the statutory mandatory minimum consecutive sentence of 240 months imprisonment on Count

III,[1] see 18 U.S.C. 924(c)(1) (1990), resulting in a total term of imprisonment of nearly 42 years. Defendant unsuccessfully appealed his convictions and sentence on Count III. United States v. Stuart, No. 93-5465, 19 F.3d 1431 (4th Cir. 1994) (per curiam). Defendant then filed several 28 U.S.C. § 2255 motions, none of which were successful.

In February 2016, defendant filed the instant motion to vacate. The court directed the government to file a response. (3/18/16 Text Order.) In April 2016, petitioner filed the motion to amend the record. In June 2016, the Fourth Circuit Court of Appeals granted defendant authorization to file a second or successive § 2255 motion to raise a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), (DE # 81), which defendant, with the assistance of court-appointed counsel, filed the same day, (DE # 80). On unopposed motion, the court stayed the matter. (DE ## 86, 95, 99.) After the Court denied the petition for a writ of certiorari in Brown v. United States, No. 17-9276 (U.S. Oct. 15, 2018), defendant, through counsel, withdrew his most recent § 2255 motion. (DE # 102.) Accordingly, the instant motions to vacate and to amend the record remain.

As an initial matter, the court will grant defendant's motion to amend, as he simply requests that the court consider two additional cases in support of his motion to vacate. In the motion to vacate itself, defendant requests, based on the court's inherent authority and in the interest of fairness, that the court dismiss Count III.[2] (DE # 67, at 1.) Defendant does not contend that his sentence is unconstitutional or otherwise violates the laws of United States, see 28 U.S.C. § 2255, rather he seeks a reduction in his sentence, by 25 years, which, according to him, would result in his immediate release and deportation, (id. at 3, 5). The government

---

[1] Incidentally, that statutory mandatory minimum has since increased to 25 years. See 18 U.S.C. § 924(c)(1)(C)(i) (2018).
[2] Although defendant's motion refers to Count II, the armed robbery charge, it is apparent that defendant seeks vacatur of his § 924(c) conviction, which was charged in Count III.

2

opposes defendant's motion and suggests it should be deemed a request for clemency, over which this court lacks jurisdiction.

At the outset, the court notes that it does not have the authority to modify a sentence of imprisonment except under limited circumstances not applicable here. See 18 U.S.C. §§ 3582(b), (c). In apparent recognition of this fact, defendant relies primarily on the decision in United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

> In that case, Holloway and an accomplice stole three cars at gunpoint over a two-day period. Holloway was charged with three counts of carjacking and three counts of using a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c). Id. at 312. He was convicted on all six counts and was sentenced to 151 months concurrent on each of the carjackings and a series of consecutive sentences for the § 924(c) convictions, resulting in a total term of imprisonment in excess of 57 years. Id. at 312-13. Holloway's sentence was affirmed on appeal, and subsequent § 2255 petitions were unsuccessful. Id. at 313-14. Holloway then moved to reopen his initial § 2255 petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id. at 314. The district judge, apparently troubled by the harshness of Holloway's sentence but recognizing that there were "no legal avenues or bases for vacating it," urged the United States Attorney to agree to an order vacating one or more of Holloway's § 924(c) convictions. Id. The United States Attorney declined to agree to such an order, observing instead that Holloway may be eligible for clemency. Id. After the Department of Justice announced the criteria it would use in its nationwide clemency initiative, the district court determined that Holloway was likely disqualified from seeking clemency. Accordingly, the district court asked the United States Attorney to reconsider her position. Id. She agreed to do so and withdrew her opposition to Holloway's Rule 60(b) motion. Id. Thereafter, the district court vacated two of Holloway's § 924(c) convictions and imposed a sentence of time served. United States v. Holloway, No. 1:95-cr-00078-JG-4 (E.D.N.Y.), ECF No. 259.

United States v. Carrizoza, No. 1:02-CR-00045-MR-1, 2017 WL 2951920, at *2 (W.D.N.C. July 10, 2017).

Here, unlike in Holloway and unfortunately for defendant, the government opposes defendant's request to vacate his § 924(c) conviction. The court cannot force the government to reconsider its position.

3

The court is sympathetic to defendant's position. More than 25 years ago, the court imposed the "bare minimum" sentence it could in light of the then-mandatory sentencing guidelines and § 924(c)'s mandatory minimum sentence and expressed its belief that "no way" is that sentence "appropriate." (6/7/93 Tr., DE # 78, at 13.) Since that time, petitioner has clearly improved his life by obtaining his GED and taking courses while incarcerated. (DE ## 65-1, 67-2, 67-4.) He has mentored other incarcerated persons. (DE # 62-3.) Further, he appears sincerely remorseful for his illegal actions, particularly how those actions affected others. (See DE # 65, at 2; DE # 67, at 2.) Despite the court's belief about defendant's sentence in 1993 and defendant's subsequent accomplishments, the fact remains the court "ha[s] no choice," (6/7/93 Tr., DE # 78, at 13), and cannot grant defendant the relief he requests.

For the foregoing reasons, defendant's motion to amend is ALLOWED, and his motion to vacate is DENIED.

This 15 January 2019.

                                              W. Earl Britt
                                              Senior U.S. District Judge