IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:92-CR-114-BR-3
No. 5:16-CV-593-BR

LEROY ANGLOSON STUART,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent

ORDER

This matter is before the court on petitioner's motions to vacate his sentence pursuant to 28 U.S.C. § 2255, (DE # 80), and to supplement his § 2255 motion, (DE # 110). The government has filed a motion to dismiss the § 2255 motion, (DE # 100), to which petitioner filed a response in opposition, (DE # 109).

In 1993, a jury found petitioner guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 2113(a), (d); and possession of a firearm during a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 924(c). The court sentenced petitioner to a total term of imprisonment of nearly 42 years. Petitioner unsuccessfully appealed his convictions and his sentence on the firearm offense. See United States v. Stuart, No. 93-5465, 19 F.3d 1431 (4th Cir. 1994) (per curiam). He then filed several § 2255 motions, none of which were successful.

In June 2016, the Fourth Circuit Court of Appeals granted petitioner authorization to file the instant § 2255 motion, (DE # 81), which petitioner, with the assistance of court-appointed

counsel, filed the same day.  Based on the decision in Johnson v. United States, 125 S. Ct. 2551 (2015), petitioner claims that his prior North Carolina conviction for assault on a law enforcement officer is not a valid predicate conviction to support application of the career offender enhancement under the mandatory sentencing guidelines,[1] and therefore, his sentence, which was enhanced on this basis, should be vacated.  (See Mot., DE # 80, at 4, 12.)

On several motions, the court stayed the proceeding.  (DE ## 86, 95, 99.)  After the decision in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), cert. denied, 139 S. Ct. 14 (2018), the government filed the instant motion to dismiss.[2]  The government contends that petitioner's § 2255 is untimely and should be dismissed.  (Mem., DE # 101, at 2-3.)

In general, a § 2255 motion is timely if it is filed within one year of the date the petitioner's judgment became final.  28 U.S.C. § 2255(f)(1).  "However, under § 2255(f)(3), courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from 'the date on which the right asserted was initially recognized by the Supreme Court,' and (3) the Supreme Court or th[e appellate] court has made the right retroactively applicable."  Brown, 868 F.3d at 301 (citations omitted).

In Brown, the Fourth Circuit addressed the timeliness of a § 2255 motion where the petitioner challenged his career offender status under the mandatory sentencing guidelines in light of Johnson and other Supreme Court cases.  868 F.3d at 300.  The court held that because the Supreme Court did not discuss the mandatory sentencing guidelines in Johnson or in

---

[1] At the time of petitioner's sentencing, the sentencing guidelines were mandatory.  See United States v. Booker, 543 U.S. 220, 233 (2005).
[2] After the government filed the motion to dismiss, petitioner, through his court-appointed counsel, withdrew his § 2255 motion.  (DE # 102.)  On petitioner's *pro se* request, the court permitted petitioner to rescind the withdrawal.  (DE # 106.)  The court directed the Clerk to reopen this habeas corpus proceeding to reflect the § 2255 motion and the motion to dismiss as pending.  (Id.)

subsequent cases, the Supreme Court has not recognized the right on which the petitioner relies and he cannot use § 2255(f)(3) to make his habeas corpus motion timely. Id. at 302-03.

Petitioner's judgment became final more than two decades ago. Although he filed his § 2255 motion within one year of the Johnson decision, like the petitioner in Brown, he cannot rely on § 2255(f)(3) to make his motion timely. See id. at 304. Petitioner appears to argue that the court should reject the holding in Brown and instead rely on Justices Sotomayor and Ginsburg's dissent from the Supreme Court's denial of the petition for a writ of certiorari in that case. (See Resp., DE # 109, at 3-5.) This court is bound to follow Brown until a panel of the Fourth Circuit or a majority of the Supreme Court justices says otherwise.

Petitioner further argues that this court should issue an alternative writ of habeas corpus under 28 U.S.C. § 2241. (See id. at 6.) Petitioner is incarcerated in the District of New Jersey. Therefore, he must file any motion for habeas corpus relief under § 2241 in that district. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000). The court expresses no opinion on the timeliness or the merits of any motion petitioner might file under that statute.

Finally, petitioner requests to supplement his § 2255 motion to add two habeas corpus claims. First, he seeks to add a claim that his prior New York conviction for sale of narcotics is not a valid predicate conviction for application of the career offender sentencing enhancement based on the decisions in Harbin v. Sessions, 860 F.3d 58 (2d Cir. 2017), and United States v. Townsend, 897 F.3d 66 (2d Cir. 2018). (Mot., DE # 110, at 1-7.) Adding such a claim would be futile because petitioner's 2255 motion remains untimely under § 2255(f)(3). He did not file his motion to supplement within one year of those decisions, and neither decision is based on a right recently recognized by the Supreme Court.

The second claim petitioner seeks to add is one challenging his § 924(c) conviction, and

3

he relies on the decision in United States v. Davis, 139 S. Ct. 2319 (2019). (Mot., DE # 110, at 713.) In that case, the Supreme Court held that the residual clause of § 924(c)(3)(B), which defines "crime of violence" for purposes of § 924(c), is unconstitutionally vague. Davis, 139 S. Ct. at 2336. The court need not consider the timeliness of petitioner's claim based on Davis as the claim is meritless. An alternative definition of "crime of violence" is contained within the force clause of § 924(c)(3)(A). Armed bank robbery, the predicate offense for petitioner's § 924(c) conviction, is a "crime of violence" under the force clause. United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016). Therefore, the holding in Davis has no impact on petitioner's § 924(c) conviction and supplementing his § 2255 motion to assert such a claim would be futile.

Based on futility, petitioner's motion to supplement his § 2255 motion is DENIED. See Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) ("Rule 15(d) motions [to supplement] are to be evaluated under the same standards used to evaluate motions to amend pleadings under Rule 15(a), which generally states that leave to amend shall be freely granted when justice requires unless there are valid reasons for denying leave, such as undue delay, bad faith, or futility." (citation omitted)). Because petitioner did not timely file his § 2255 motion, the government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment, close this proceeding,

and send petitioner the authorized form for filing a § 2241 motion.

This 17 October 2019.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge